UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ARTURO GONZALEZ, <br><br> Plaintiff, <br><br> v. <br><br> TOWN OF WEST NEW YORK, *et al.*, <br><br> Defendants. | Civil Action No. 20-1849 (JXN) (JBC) <br><br> **OPINION & ORDER** |

**NEALS**, District Judge

This matter comes before this Court upon Defendants Town of West New York and Gabriel Rodriguez's motion to dismiss *pro se* Plaintiff Arturo Gonzalez's ("Plaintiff") Complaint pursuant to Federal Rules of Civil Procedure 37(d) and 41(b), (ECF No. 21), in which Defendant Susan M. Colacurcio joins, (ECF No. 22). Plaintiff did not file an opposition. The Court has carefully reviewed the submissions and decides the matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons below, Defendants' motion (ECF No. 21) is **GRANTED**.

**I.     FACTUAL BACKGROUND**[1]

Plaintiff was employed by Defendant Town West New York (the "Town"), as a Mechanic in the Department of Public Safety from January 2014 through February 20, 2018. (ECF No. 1, Complaint, ¶¶ 4, 14.) On February 20, 2020, Plaintiff initiated this action, *pro se*, against the Town, the Town's Mayor, Gabriel Rodriguez ("Rodriguez"), and the former Commissioner of the Town's Department of Public Works Susan Colacurcio ("Colacurcio"), (hereinafter collectively referred

---

[1] When reviewing a motion to dismiss, a court accepts as true all well-pleaded facts in the complaint. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

1

to as "Defendants"), alleging retaliation for engaging in protected speech and on the basis of his medical condition. (*See generally* ECF No. 1.)

According to the Complaint, Defendants retaliated against Plaintiff because he refused to "support a team backed by the administration" in the Town's 2017 mayoral campaign. (*Id.* ¶¶ 6-7.) Plaintiff states that in 2015, he supported then-Mayor Felix Roque's reelection campaign. (*See id.* ¶ 1.) Then in 2017, Plaintiff was approached by "members of the administration to cooperate in the upcoming November general election" and "buy [a] ticket for their upcoming events." (*Id.*) Plaintiff states "[he] told them [he] was not able to do it due to personal reasons." (*Id.*) According to Plaintiff, in July of 2017, he was approached by ex-Commissioner Ruben Vargas ("Vargas") and asked to "support a team backed by the administration." (*Id.* ¶ 6.) Later that week, the Director of Department of Public Works, Silvio Acosta ("Acosta"), questioned Plaintiff about his reasons for not working in the campaign. (*Id.* ¶ 7.) Plaintiff told Acosta that he was not supporting the campaign because he had not received the salary increase he was promised back in 2015 when they "made [him] sign an incomplete contract for 10 thousand dollars less than that [he] was offered." (*Id.* at 1.) Plaintiff claims that Acosta told him that "[he] needed to do campaign work in order to be in 'good grace with the administration.'" (*Id.* at ¶ 7.)

Plaintiff also claims Defendants retaliated against him based on his medical condition. (*See id.* ¶¶ 8-13.) In support of this claim, Plaintiff's details the Town's responses to two injuries he sustained in the course of his duties as a Mechanic for the Town. (*See id.*) According to the Complaint, Plaintiff's first injury occurred on August 31, 2017, when Plaintiff, a passenger, was involved in a motor vehicle accident that occurred on the way to collect a police car that had been involved in a prior collision. (*See id.* ¶ 8.) Plaintiff and the driver, Sergeant Guillermo Macias, were transported to the hospital and Plaintiff was "given a few days before returning to work."

2

(*See id.*) Following the collision, Acosta directed Plaintiff to visit Concentra Urgent Care ("Concentra") for an occupational injury evaluation. (*Id.*) The Concentra physician allowed Plaintiff to return to work under "light duty conditions." (*Id.*) However, Acosta told Plaintiff that there was no light duty work and instructed him to return to work once he was cleared for regular duty. (*Id.*)

Plaintiff claims he filed a Worker's Compensation claim in connection with the motor vehicle accident. (*Id.* ¶ 9.) On September 9, 2017, Plaintiff's claim was denied on the grounds that Plaintiff was not authorized to collect the vehicle. (*Id.*) Plaintiff complained to his supervisor and Secretary Mary Baldeo that he had never been required to get an authorization to go "check or pick up a car." (*Id.*) Plaintiff alleges that his supervisor, Eugene Foschino, was asked by Human Resources representative, Kelly Schweitzer, to sign a letter stating that Plaintiff was not authorized to collect the disabled police vehicle. (*Id.*) On September 19, 2017, Plaintiff was informed by the "payroll office" that "[he] was not going to get paid by worker's compensation," and he would need to use his sick or vacation leave to cover the days he took off as a result of the accident. (*See id.* ¶ 10.) Plaintiff states "[t]he case was taken to Administrative Court [and] the [T]own was ordered to pay [him] back [his] worker's compensation benefits." (*Id.* at 1.)

Plaintiff's second injury occurred on February 10, 2018, when he was working with a new hire to remove a snowplow from a vehicle and the plow fell on his head causing him to lose consciousness. (*Id* ¶ 13.) Plaintiff was taken to Concentra for an injury evaluation. (*Id.*) The Concentra physician returned Plaintiff to work with "some medical restrictions[.]" (*Id.*)

Plaintiff claims that in February of 2018, he was approached by Acosta during a meeting regarding "upcoming changes due to new hires." (*Id.* at 1.) Plaintiff asserts that during the meeting he told Acosta that "the new employees did not have the knowledge or the experience necessary

3

but they were given higher salaries and less responsibilities because they were campaigning." (*Id.*) Plaintiff alleges that "[a] few days later, [he] was disciplined without just cause, suspended without pay, defamed, and finally fired on February 20, 2018." (*Id.*)

## II.     **PROCEDURAL HISTORY**

Following Plaintiff's filing this Complaint on February 20, 2020, Defendants filed an Answer on May 21, 2020. (ECF No. 3.) Sometime thereafter, Plaintiff changed addresses without advising the Court, as a result, for a period of time he did not receive filing notices. (*See* Returned Mail as Undeliverable notices, ECF Nos. 5, 7, 8.)

On February 3, 2021, the Honorable Mark Falk, U.S.M.J. (Ret.) ("Judge Falk") issued a Letter Order directing the parties to confer and report the timeframe requested for discovery pursuant to Local Civil Rule 16.1. (*See* Feb. 3, 2021 Ltr. Order, ECF No. 6.) On February 3, 2021 and February 8, 2021, counsel for the Town and Rodriguez contacted Plaintiff via email and certified mail, return receipt requested, to confer regarding the Court's Rule 16.1 Letter Order. (*See* Certification of Gregory J. Hazley, Esq. ("Hazley Cert."), ECF No. 21-2 ¶¶ 5–6.)

On March 1, 2021, counsel for the Town and Rodriguez advised the Court that Plaintiff was not responding to confer pursuant to the Feb. 3, 2021 Letter Order. (*Id.* ¶ 7.) On March 4, 2021, Plaintiff advised the Court of his new address and requested additional time to confer pursuant to Rule 16.1 and obtain legal representation. (*See* ECF No. 9; *see also* Hazley Cert. ¶ 8.) On March 24, 2021, the Court issued a Scheduling Order that set June 24, 2021, as the discovery end date. (*See* Sched. Order, ECF No. 12.)

On May 3, 2021, the Town and Rodriguez served upon Plaintiff their First Set of Interrogatories and First Set of Requests for Documents. (*See* Hazley Cert. ¶ 10.) Plaintiff failed to serve responses to the Town and Rodriguez's discovery demands by June 2, 2021, within the

4

thirty days for responses set by Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A). (*Id.* ¶ 11.)[2] Thereafter, Plaintiff made a second request, off-the-record, for a short extension of discovery, Defendants did not object to the extension. (*See id.* ¶ 12.) On June 14, 2021, the Court issued a revised Scheduling Order extending the discovery end date to August 16, 2021. (*See* June 14, 2021 Order, ECF No. 14.)

On July 23, 2021, counsel for the Town and Rodriguez contacted Plaintiff to advise him that he had not provided responses to their discovery demands and requested that he provide the same by August 2, 2021. (*See* Hazley Cert. ¶ 13.) Plaintiff failed to serve responses to the Town and Rodriguez's discovery demands by August 2, 2021. (*Id.* ¶14.)

On August 2, 2021, Plaintiff made his third request for an extension of time, until November 29, 2021, to respond to interrogatories and find legal representation. (*See* Aug. 6, 2021 Ltr. from Arturo Gonzalez, ECF No. 19.) Defendants objected to Plaintiff's request. (*See* Aug. 3, 2021 Ltr. from Gregory J. Hazley, Esq., ECF No. 17; Aug. 3, 2021, Ltr. from Susan Burns, Esq., ECF No. 18.) On August 9, 2021, Judge Falk issued a second revised Scheduling Order that set November 1, 2021 as the discovery end date. The Order stated that, "[t]here shall be no further extensions absent extraordinary circumstances[]…" (Aug. 9, 2021 Order, ECF No. 20.)

On November 1, 2021, Plaintiff served responses to the Town and Rodriguez's First set of Interrogatories. (Hazley Cert. ¶¶ 18-19.) Plaintiff did not provide any documents in response to the Town and Rodriguez's First Set of Requests for Documents, however, he did include a list of "Specific Objections" to the same. (*Id.* ¶ 20.)

On November 2, 2021, counsel for the Town and Rodriguez served upon Plaintiff, via email, a letter responding to Plaintiff's objections and notifying Plaintiff that if the deficiencies

---

[2] Colacurcio served Plaintiff with Interrogatories and a Document Demand on June 3, 2021. (*See* ECF No. 22 at 1.) As of the date of this motion, Plaintiff has not served responses to Colacursio's discovery demands. (*See id.* at 2.)

5

were not cured by November 12, 2021, they would move to dismiss Plaintiff's Complaint in accordance with the Court's Order to file any dispositive motions by December 1, 2021. (*Id.* ¶ 21.)

On November 12, 2021, Plaintiff served amended responses to the First Set of Interrogatories. (*Id.* ¶ 22.) Plaintiff did not produce any documents in response to the Town and Rodriguez's document demands. (*Id.*)

On December 1, 2021, the Town and Rodriguez moved to dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 37(d) and 41(b) for failure to prosecute and/or failure to serve responses and produce documents fully responsive to their First Set of Interrogatories and First Set of Requests for Documents. (ECF No. 21.) On December 28, 2021, Colacurcio joined the Town and Rodriguez's motion. (*See* ECF No. 22.) On January 19, 2022, the Town and Rodriguez filed a reply to correspondence Plaintiff purportedly sent to the Court via email on January 3, 2022, requesting yet another extension of time. (ECF No. 23.)[3] To date, Plaintiff has not filed an opposition to the Defendants' motion.

### III.  LEGAL STANDARD

The Federal Rules of Civil Procedure authorize the Court to impose sanctions for failure to respond to orders and for failure to prosecute a case. In both instances, dismissal may be appropriate. *See* Fed. R. Civ. P. 37(d), 41(b). Federal Rule of Civil Procedure 41(b) enables the Court to dismiss an action where "the plaintiff fails to prosecute or to comply with" the Federal Rules of Civil Procedure and/or a "court order[.]" Fed. R. Civ. P. 41(b). Federal Rule of Civil Procedure 37(d) permits the Court to order sanctions if "a party, after being properly served with

---

[3] As noted in the Town and Rodriguez's reply, it appears that Plaintiff's "correspondence may not have been processed or addressed to the Court correctly" therefore the Court's first became aware of Plaintiff's communication via the Town and Rodriguez's reply which included a copy of Plaintiff's email as an Exhibit. (*See* ECF No. 23, Exhibit A.) In the communication, Plaintiff acknowledges the filing of the Town and Rodriguez's motion and requests an extension of time, until February 18, 2022, to speak with the "legal aid team so that he can continue with his case." (*See id.*) In their reply, the Town and Rodriguez object to Plaintiff's request. (*See id.*)

6

interrogatories . . . fails to serve its answers, objections, or written response." These sanctions may include inferences, striking the pleadings in whole or in part, staying proceedings until discovery is satisfied, dismissing the action in whole or in part, rendering a default judgment against the disobedient party, and/or granting reasonable expenses and attorney's fees caused by the failure to the nonoffending party. *See* Fed. R. Civ. P. 37(b)(2)(A), 37(d)(3).

The Third Circuit identified six factors in *Poulis v. State Farm Fire and Casualty Co.* that courts should balance when deciding whether to impose an involuntary order of dismissal. 747 F.2d 863 (3d Cir. 1984). The *Poulis* factors are:

> (1) [t]he extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Id.* at 868 (emphasis omitted); *see also Knoll v. City of Allentown*, 707 F.3d 406, 409 n.2 (3d Cir. 2013). No single *Poulis* factor is determinative, and dismissal may be appropriate even if some of the factors are not met. *See Hogan v. Raymond Corp.*, 536 F. App'x 207, 212 (3d Cir. 2013).

The Court exercises jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and supplemental subject matter jurisdiction over Plaintiff's related state claims pursuant to 28 U.S.C. § 1367(a). Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

**IV.    DISCUSSION**

Defendants argue that Plaintiff's Complaint ultimately fails to set forth any legally cognizable claims against them, and his repeated failure to prosecute it by failing to provide (or serve) discovery on the basis of attempting to find legal representation constitutes grounds for dismissal. (*See* ECF No. 21 at 1-2; ECF No. 23 at 2.) This Court agrees.

7

In analyzing the *Poulis* factors as set forth below, the Court bears in mind that a dismissal with prejudice, as requested by Defendants here, is a "drastic sanction[ ], termed 'extreme' by the Supreme Court, ... [which should] to be reserved for cases comparable to ... 'flagrant bad faith' and 'callous disregard'[.]" *Harris v. City of Philadelphia,* 47 F.3d 1311, 1330 n. 18 (3d Cir.1995). With that in mind, the Court finds that the *Poulis* factors warrant dismissal of Plaintiff's claims under Rule 41(b).

### 1. Plaintiff's Personal Responsibility.

The first factor "is a question of whether the party [] has caused a delay as opposed to whether counsel for the party is responsible." *Vittas v. Brooks Bros. Inc., Grp.*, Civ. No. 14-3617, 2017 WL 6316633, at *2 (D. N.J. Dec. 11, 2017) (citing *Briscoe v. Klaus*, 538 F.3d 252, 258–59 (3d Cir. 2008). "[I]t is logical to hold a *pro se* plaintiff personally responsible for delays in his case because a pro se plaintiff is solely responsible for the progress of his case, whereas a plaintiff represented by counsel relies, at least in part, on his or her attorney." *Id.* Here, the Court has provided Plaintiff with multiple extensions to allow for additional time to retain an attorney and respond to Defendants' discovery demands. Despite the same, since January of 2022, Plaintiff has not filed any submissions or otherwise attempted to communicate with the Court regarding this case. Consequently, Plaintiff is solely responsible his failure to provide discovery and prosecute his case and this factor therefore weighs in favor of dismissal. *See, Briscoe, 538 F.3d at 258–59.*

### 2. Prejudice to Defendants.

"Under the second *Poulis* factor, the Court considers the 'prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery.'" *Hayes v. Nestor*, Civ. No. 09-6092, 2013 WL 5176703, at *4 (D. N.J. Sept. 12, 2013) (quoting *Poulis*, 747 F.2d at 868). "While prejudice for the purpose of *Poulis* analysis does not mean 'irremediable harm,' the burden

8

imposed by impeding a party's ability to prepare effectively a full and complete trial strategy is sufficiently prejudicial." *West Coast Quartz Corp. v. M.E.C. Tech, Inc.*, No. 16-2280, 2017 WL 1944197, at *2 (D.N.J. May 9, 2017) (citing *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003)). "Prejudice includes 'deprivation of information through noncooperation with discovery, and costs expended obtaining court orders to force compliance with discovery.'" *Id.* (citing *Adams v. Tr. of the N.J. Brewery Emp. Pension Tr. Fund*, 29 F.3d 863, 874 (3d Cir. 1994)).

This factor leans in favor of dismissal. A review the procedural history and Plaintiff's discovery responses evidence Plaintiff's lack of cooperation in this matter. Despite being granted multiple extensions of time, Plaintiff responses to Defendants' discovery demands have been deficient or been non-responsive altogether. (*See* Hazley Cert. ¶¶ 18-20, Ex. L, N; ECF No. 22 at 6.) Plaintiff's lack of participation in detailing the basis for his claims hinders Defendants' ability to present their defenses or proceed to an adjudication on the merits. Defendants are prejudiced by Plaintiff's failure to provide discovery and prosecute his case; the second *Poulis* factor weighs in favor of dismissal.

3. *History of Dilatoriness.*

The third *Poulis* factor—the extent and history of a party's dilatoriness—weighs in favor of dismissal. Since March of 2021, Plaintiff has requested several extensions of time – all of them granted. Nonetheless, Plaintiff has repeatedly failed to meet the discovery deadlines set by the Court, and thus has demonstrated a history of dilatoriness. *Adams*, 29 F.3d at 874 ("Extensive of repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders.") Accordingly, the third *Poulis* factor weighs in favor of dismissal.

9

*4.     Willfulness or Bad Faith.*

Under the fourth *Poulis* factor, the Court considers "whether the conduct of the party or the attorney was willful or in bad faith." *Poulis,* 747 F.2d at 868–69. "Willfulness involves intentional or self-serving behavior." *Id.* at 875. "'[N]egligent behavior' or 'failure to move with dispatch'—even if 'inexcusable'—will not suffice to establish willfulness or bad faith.'" *Chiarulli v. Taylor*, No. CIV 08-4400 JBS/AMD, 2010 WL 1371944, at *3 (D.N.J. Mar. 31, 2010), *report and recommendation adopted,* No. CIV08-4400 JBS/AMD, 2010 WL 1566316 (D.N.J. Apr. 16, 2010) (quoting *Adams,* 29 F.3d at 875). "However, where the record is unclear as to whether a party acted in bad faith, a consistent failure to obey orders of the court, "at the very least, renders [a party's] actions willful for the purposes of the fourth *Poulis* factor." *Hunt-Ruble v. Lord, Worrell & Richter, Inc.*, No. CIV. 10-4520 JEI AMD, 2012 WL 2340418, at *5 (D.N.J. June 19, 2012) (quoting *Martino v. Solaris Health Systems Corp.,* No. 04–6324, 2007 WL 1959226, at *5 (D.N.J. June 29, 2007)). Based on the record presented on this motion, the Court finds that Plaintiff's failure to meet his discovery obligations, reflects a willful failure to participate in this litigation. The fourth *Poulis* factor therefore weighs in favor of dismissal.

5.     *Effectiveness of Alternative Sanctions.*

The fifth factor address the effectiveness of sanctions other than dismissal. *Poulis,* 747 F.2d at 869. Where, as here, a plaintiff is appearing *pro se*, monetary sanctions, such as fees and costs, are often inappropriate. *Briscoe*, 538 F.3d at 263; *Emerson v. Thiel College*, 269 F.3d 184, 191 (3d Cir. 2002). Further, the record of Plaintiff's unresponsiveness suggests that alternative sanctions would be futile. Despite having been granted several extensions, and the Court's warning that no further extensions of the discovery deadline will be made, Plaintiff has failed to participate in and prosecute his case. On these facts, no lesser sanction would appear to be effective. *See Days Inn*

*Worldwide, Inc. v. Shaikh*, 249 F.R.D. 472, 476 (D.N.J. 2008). Accordingly, the fourth *Poulis* factor also weighs in favor of dismissal.

6. *Meritoriousness of the Claims.*

The meritoriousness of a claim is evaluated based on the allegations in the pleadings, rather than on a summary judgment standard. *See Poulis*, 747 F.2d at 869-70 ("A claim, or defense will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense."). However, the Court is unable to adequately assess the meritoriousness of Plaintiff's claim due to his failure to comply with Court Orders or participate in discovery; therefore, the Court finds this factor neutral. *Solomon v. Atl. City Hilton Casino & Resort*, No. CIV. 10-5701 NLH/AMD, 2013 WL 3070884, at *6 (D.N.J. Apr. 8, 2013), *report and recommendation adopted*, No. CIV. 10-5701 NLH/AMD, 2013 WL 2445015 (D.N.J. May 7, 2013) (finding sixth factor neutral where the court did "not have a sufficient basis upon which to evaluate the meritoriousness of Plaintiff's claims and need not do so in order to resolve the pending motions."). Nevertheless, this does not change the conclusion that, on balance, the *Poulis* factors weigh towards dismissal. *See Ware*, 322 F.3d at 221 (finding that not all six factors must be met for dismissal to be warranted); *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988) (same).

Therefore, as the foregoing analysis demonstrates, consideration of the *Poulis* factors shows that dismissal of Plaintiff's action is appropriate under Rule 41(b) for his failure to prosecute this action.

## V. CONCLUSION

For the reasons set forth above, Defendants Town of West New York and Gabriel Rodriguez's Motion to Dismiss *pro se* Plaintiff Arturo Gonzalez's Complaint pursuant to Federal Rules of Civil Procedure 37(d) and 41(b), (ECF No. 21), in which Defendant Susan M. Colacurcio joins, (ECF No. 22) is granted, and Plaintiff's Complaint (ECF No. 1) is dismissed; however, the dismissal will be *without prejudice* at this time. Accordingly,

**IT IS** on this 28th day of September, 2022,

**ORDERED** that Defendants' motion to dismiss *pro se* Plaintiff's Complaint (ECF No. 21) is **GRANTED**; it is further

**ORDERED** that Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**; it is further

**ORDERED** that Plaintiff shall have 30 days from the date of this Opinion and Order to show cause in writing as to why the Complaint should not be dismissed with prejudice; if Plaintiff fails to respond within the 30-day period, the Complaint will be dismissed with prejudice without further notice; and it is further

**ORDERED** that the Clerk of the Court shall serve this Opinion and Order upon Plaintiff.

_____
**JULIEN XAVIER NEALS**
United States District Judge